UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRANDON HARPER

                                                              Plaintiff,     **COMPLAINT AND**
                                                                               **JURY DEMAND**
        -against-

THE CITY OF NEW YORK, OFFICER JERRY
BOWENS, and JOHN DOE POLICE OFFICERS ##1-2,     DOCKET #

                                                     Defendants.
                                                                               ECF CASE
------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth Amendment to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a December 28, 2003 incident in which in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Plaintiff to, among other things, malicious prosecution. Upon information and belief, all charges against Plaintiff were dismissed on or about September 16, 2022.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth Amendment to the United States Constitution. Supplemental and Pendent party jurisdiction is asserted.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Brandon Harper was at the time of his arrest a 20 year old African American male who was residing, and still resides, in Kings County, in the City and State of New York.

7. Police Officer Jerry L. Bowens was at all time here relevant an employee of the NYPD, and is sued in his individual and official capacity.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

**10.** At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On or about December 28, 2003 Plaintiff was returning to his home at 467 Columbia Street in Brooklyn, NY when he was approached by police officers including Police Officer Jerry Bowens.

12. Apparently, a large number of police officers were engaged in what NYPD terms a "drug sweep" of the location. The term refers to an NYPD operation in which large numbers of police officers "sweep" up human beings and make a large number of arrests.

13. After approaching Plaintiff Bandon Harper, the police officers arrested him. He was

2

taken to a large police van holding at least 40 other prisoners.

14. Defendant Jerry Bowens communicated to an employee of the Kings County District Attorney's Office that Mr. Harper was in possession of 11 vials of crack cocaine and 14 twists of crack cocaine.

15. Bowens accusation was entirely false. Mr. Harper had no narcotics and no contraband in his possession. Nevertheless, Bowens' accusation to the District Attorney's office caused him to be charged with a Class B felony narcotics charge, a Class D felony, and an "A" Misdemeanor.

16. He was arraigned in Kings County Criminal Court and remanded to NYC DOC custody. After one month of confinement on Rikers Island, he was bailed out by his great grandmother.

17. He eventually pled guilty, understanding that the case was liable to drag out for years and he wanted his great grandmother to get her money back. He was sentenced to five years probation which included daily visits to a drug treatment center which took most of the day.

18. The programs he was sentenced to prevented him from engaging in gainful employment.

19. At some point during his probation and required program he was imprisoned for allegedly violating his probation requirements and spend one year in jail on Rikers Island.

20. When he was released he was still on probation and faced program requirements making employment nearly impossible.

21. In a letter dated October 4, 2022, Mr. Harper received notification that the conviction was vacated and the case dismissed for this arrest on September 16, 2022. The letter, from Brooklyn Defender Services, said that the police officer who made the arrest was found by the

Kings County District Attorney's office to have engaged in misconduct.

22. The City of New York has not found that Defendant Bowens engaged in misconduct with respect to this incident. In 2008, he was investigated and arrested for corruption in connection with his duties as a narcotics officer.

23. Brandon Harper denies all charges and allegations made against him by Defendant Bowens in connection with his arrest. He committed no crime or violation in connection with his arrest whatsoever.

24. Within 90 days of the events giving rise to this claim, plaintiffs filed written notice of claim with the City of New York, Comptroller's Office. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

25. At all times during the events described above, the Defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

26. During all of the events above described, Defendant Bowens acted maliciously and with intent to injure Plaintiff.

27. As a direct and proximate result of the acts of Defendants, Mr. Harper suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure;

    b. Pain and suffering;

    c. Emotional trauma and suffering, including fear, embarrassment, humiliation,

severe emotional distress, frustration, extreme inconvenience, and anxiety;

d. Loss of liberty; and

e. Economic damages, including lost wages.

## FIRST CAUSE OF ACTION
### (MALICIOUS PROSECUTION UNDER THE FOURTH AMENDMENT TO THE US CONSTITUTION AND STATE LAW)

28. The above paragraphs are here incorporated by reference.

29. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted, or failed to intervene in their fellow officers' conduct despite having opportunity to do so.

30. The criminal proceedings were terminated favorably to Defendant.

31. Defendants acted under color of law to deprive Plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure pursuant to the Fourth Amendment to the United States Constitution when they maliciously prosecuted Plaintiff. Defendants are liable to Plaintiff under 42 U.S.C. §1983.

32. Plaintiff has been damaged as a result of Defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (RESPONDEAT SUPERIOR AS TO THE CITY OF NEW YORK)

33. The preceding paragraphs are here incorporated by reference.

34. Defendants' intentional tortious acts were undertaken within the scope of their employment by Defendant City of New York and in furtherance of the Defendant City of New York's interest.

35. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant City of New York, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally,

as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: New York, New York
August 3, 2023

TO: Jerry Bowens
DIN: 09A5598
Green Haven C.F.

City of New York

Yours, etc.,
/s/
Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
5030 Broadway, Ste. 652
New York, NY 10034
(718) 852-3710
lglickman@stollglickman.com

6