UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
BRANDON HARPER,

                            Plaintiff,                             **ORDER**

        -against-                            23 Civ. 5960 (RER) (VMS)

THE CITY OF NEW YORK, OFFICER JERRY
BOWENS, and JOHN DOE POLICE OFFICERS
# 1-2,

                            Defendants.
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

      The Court construes the filings submitted by Officer Jerry Bowens ("Mr. Bowens") requesting representation from counsel for the City of New York ("the City"), see generally ECF Nos. 17, 19 & 21, as a motion to compel the City's counsel to represent Mr. Bowens in this action, see generally ECF No. 20,[1] and, for the reasons discussed below, grants the motion, as

---

[1] The City's counsel asserted that deciding the representation challenge is "not the jurisdiction of this Court," as "Article 78 is the proper proceeding for challenging our representation decision." ECF No. 30, Tr. 10:19-21. The Court disagrees with the City's counsel's conclusions as to both the procedural issue and the jurisdictional issue.

As to the procedural issue, an Article 78 proceeding is not the exclusive means through which to decide a challenge to a representation decision pursuant to New York General Municipal Law § 50-k(2). See, e.g., Barnes v. Banks, No. 10 Civ. 4802 (RJS) (JLC), 2011 WL 4943972, at *1 (S.D.N.Y. Oct. 18, 2011) (considering the motion of the defendant and crossclaim plaintiff employee "pursuant to New York State General Municipal Law § 50-k for an order compelling [the] cross[]claim [d]efendant the City of New York . . . to assume his representation in this lawsuit on the ground that the City's denial of its obligation to provide him legal representation is arbitrary and capricious"); Banks v. Yokemick, 144 F. Supp. 2d 272, 274, 276-77 (S.D.N.Y. 2001) (considering the motion of the defendant and crossclaim plaintiff employee "for a determination that he is entitled, as a matter of law, to representation . . . by the City of New York" pursuant to New York State General Municipal Law § 50-k(2) and concluding "that the weight of opinion among courts in this District which have considered the issue is that nothing in G.M.L. § 50-k or case law compels a ruling that Article 78 provides the exclusive method for City employees to establish a claim for representation . . . or to contest the Corporation Counsel's rejection of a demand for such relief" (citations omitted)).

1

noted below.  The Court finds that Mr. Bowens is entitled to representation from the City's counsel, as provided for under state law, and the City's counsel must appear on behalf of Mr. Bowens in this action by January 15, 2025.

I.   **RELEVANT PROCEDURAL HISTORY**

Brandon Harper ("Plaintiff") commenced this action on August 7, 2023, asserting claims against the City, Mr. Bowens and John Doe Police Officers # 1-2 (collectively, "Defendants") in relation to allegations (1) that, on December 28, 2003, police officers, including Mr. Bowens, approached Plaintiff when he was returning to his home during a "drug sweep" of the location; (2) that the police officers arrested Plaintiff based on Mr. Bowens's assertion that Plaintiff was in possession of 11 vials of crack cocaine and 14 twists of crack cocaine; (3) that Plaintiff was charged in relation to the arrest, was arraigned on the charges, was detained for one month following the arraignment until his great-grandmother paid his bail, pleaded guilty to the charges in order to resolve the case and to allow his great-grandmother to receive the returned bail funds, was sentenced to five years of probation, was functionally prohibited from obtaining gainful employment during the period of his probation and was incarcerated for one year for an alleged violation of his probation requirements; (4) that Plaintiff received a notification from Brooklyn

---

As to the jurisdictional issue, federal courts can properly exercise supplemental jurisdiction over a challenge to a representation pursuant to New York General Municipal Law § 50-k(2). See, e.g., Mercurio v. City of New York, 758 F.2d 862, 865 (2d Cir. 1985) (noting that "[t]he jury's verdict for the defendants still left the court faced with the individual defendants' cross-claims for fees against the City [pursuant to New York General Municipal Law § 50-k]," which "the district judge determined . . . were governed by New York law" and over which, "[i]n his discretion, he retained jurisdiction"); Barnes, 2011 WL 4943972, at *4 (concluding that "the Court has jurisdiction to determine the representation issue presented by this motion," given that "nothing in [General Municipal Law] § 50-k or case law compels a ruling that Article 78 provides the exclusive method for City employees to establish a claim for representation . . . or to contest the Corporation Counsel's rejection of a demand for such relief" (citation & quotations omitted)).

2

Defender Services, dated October 4, 2022, that his conviction had been vacated on September 16, 2022, because the Kings County District Attorney's Office found the police officer who made the arrest, namely Mr. Bowens, to have otherwise engaged in misconduct, which the City herein contends was not misconduct in relation to Plaintiff's arrest but rather misconduct in relation to a 2008 investigation for corruption; and (5) that the basis for Plaintiff's 2003 arrest and prosecution was false. See generally ECF No. 1. Plaintiff asserts claims against Defendants for malicious prosecution pursuant to the Fourth Amendment and state law and against the City for respondeat superior liability. See generally id.

On October 10, 2023, the City, inter alia, moved for an extension of time to answer or otherwise respond to Plaintiff's complaint to December 11, 2023, and further requested that the Court sua sponte grant the same relief as to Mr. Bowens while it made a representation decision as to Mr. Bowens, see generally ECF No. 11, both of which the Court did, see 10/18/2023 Order. The October 18, 2023 Order required that Plaintiff mail a copy of the October 18, 2023 Order, the Joint Proposed Civil Case Management Plan and the docket to any Defendant who had yet to appear or respond to the complaint, namely Mr. Bowens, and to file proof of such mailing by November 28, 2023, see id., and Plaintiff filed proof of mailing of the docket to Mr. Bowens on November 27, 2023, see generally ECF No. 13. On December 11, 2023, the City answered the complaint only on its own behalf, noting therein that, "[a]t this time[,] Defendant Jerry Bowens['s] representation by the City of New York is pending." ECF No. 15 at 1.

On December 12, 2023, Plaintiff filed a letter, inter alia, informing the Court that he and the City's counsel had received a letter from Mr. Bowens, dated December 5, 2023, which Plaintiff attached and which Mr. Bowens also filed separately on December 13, 2023, postmarked December 6, 2023, see generally ECF No. 17, and that the City's counsel had yet to

3

make a representation decision as to Mr. Bowens, see generally ECF Nos. 16 & 16-1.  Mr. Bowens's letter informed the Court that he had not answered or otherwise responded to the complaint because he "was under the belief that [he] . . . was being represented by counsel from the City of New York Law Department"; informed the Court that he only realized that an issue as to his representation had arisen upon receiving the mailing from Plaintiff on December 4, 2023; explained his position that he qualifies "for such legal representation, indemnification and the defense of qualified immunity"; and requested that the City's counsel represent him or, alternatively, that he be provided thirty days to obtain counsel.  ECF No. 17 at 1.  The Court instructed the parties to file a joint letter requesting the scheduling of an initial conference following the resolution of the representation issue.  See 12/14/2023 Order.

On January 25, 2024, Plaintiff filed a letter stating that the City's counsel informed him that the City's counsel had declined to represent Mr. Bowens on December 28, 2023, but that the City's counsel had failed to inform the Court of such decision.  See generally ECF No. 18.  On February 2, 2024, Mr. Bowens filed a letter, dated January 22, 2024 and postmarked January 25, 2024, explaining that, immediately upon receipt of the December 4, 2023 mailing from Plaintiff, Mr. Bowens had sent a request for representation, defense and indemnification to the City's counsel, copying the Court and Plaintiff; informing the Court that Mr. Bowens had received a letter from the City's counsel in the first week of January 2024 stating that the City's counsel had declined to represent him in this action; and arguing that the City's counsel's decision was incorrect because any discipline taken against Mr. Bowens in relation to his work as a police officer was unrelated to his actions raised in the present case.  See generally ECF No. 19.  The City's counsel had still not informed the Court directly of its representation decision and was ordered to do so.  See 4/9/2024 Order.  On April 12, 2024, the City's counsel complied,

4

informing the Court that the City's counsel was declining Mr. Bowens's request for representation in this action because the City's counsel "concluded that we cannot make the requisite findings under Section 50-k(2), and, consequently, we are unable to represent plaintiff [sic] at this time"; citing Mr. Bowens's previous charges of official misconduct, falsifying business records, criminal possession of a controlled substance and sale of a controlled substance in relation to his work in 2008, which, as to falsifying business records, Mr. Bowens pleaded guilty, and Mr. Bowens's guilty plea to the 2009 murder of his ex-girlfriend; and arguing that Mr. Bowens's request for the Court's intervention with regard to the representation and indemnification issues was unripe until he answered or otherwise responded to the complaint and, at that point, may be unripe for an unspecified timeframe as to representation and until a finding of civil wrongdoing as to indemnification. See generally ECF No. 20. Mr. Bowens filed a responsive letter, dated and postmarked April 30, 2024, on May 2, 2024, conceding that his request for indemnification by the City's counsel was premature but arguing that the City's counsel's decision to decline the representation of Mr. Bowens was improper, as, in rendering such decision, the City's counsel inappropriately considered conduct unrelated to Plaintiff's 2003 arrest and inappropriately considered conduct for which Mr. Bowens was disciplined in 2008, subsequent to the events relating to Plaintiff at issue, such that the representation decision is arbitrary, capricious and lacking a factual basis. See generally ECF No. 21.

      In response to the aforementioned filings, the Court noted that Mr. Bowens's requests "appear to be a cross-claim for representation and indemnification under N.Y. G.M.L. Sec. 50-k and to contest the Corporation Counsel's rejection of a demand for such relief" and that "this type of request is usually included with an answer to the complaint"; granted Mr. Bowens "leave to file an amended pleading that answers the complaint and includes the cross claims, if this is

5

what Defendant intended," by October 1, 2024; allowed the City to respond by October 11, 2024; and instructed that Mr. Bowens should withdraw his anticipated cross-claims if he "has commenced or will be commencing a separate action against the City of New York."  8/20/2024 Order.

On October 2, 2024, Mr. Bowens filed an answer and crossclaim, dated September 24, 2024 and postmarked September 26, 2024, styled as an answer, motion to dismiss, and crossclaim, noting, procedurally, that he requested representation in this action from the City's counsel on December 5, 2023; that the City's counsel declined representation in a letter received by Mr. Bowens during the first week of January 2024; that Mr. Bowens disputed this decision in a January 22, 2024 letter to the Court; and that the City's counsel responded by maintaining the same position in an April 12, 2024 letter to the Court, such that his request was timely and procedurally compliant, given that he sent the complaint to the City's counsel; substantively, Mr. Bowens largely reiterated his arguments previously raised as to representation.  See ECF No. 27 at 2-5.  On October 9, 2024, the City's counsel answered the crossclaim.  See generally ECF No. 28.

At an October 16, 2024 status conference before the Court, see 10/16/2024 Dkt. Entry, on the Court's questioning, the City's counsel expounded on the representation decision as to Mr. Bowens, stating that, in view of "his actions related to his other cases," the City's counsel could not "affirmatively state" and "specifically determine" that Mr. Bowens satisfied the two statutory criteria for representation, namely that Mr. Bowens "was acting within the scope of his employment and the discharge of his duty and not in violation of any rule or regulation at the time of the alleged act or omission."  ECF No. 30, Tr. 7:14-17, 19-20, 8:5, 10.  The City's counsel's stated basis for the inability to determine whether Mr. Bowens satisfies the two

6

statutory criteria for representation is that he allocuted "to a crime of credibility and falsifying documents," although the allocution "was not a specific allocution to this case" and was related to conduct in other cases, and that, as a result of such allocution, the Kings County "District Attorney's Office evaluated cases that were brought based solely on the testimony of Mr. Bowens that was put into question and that's how they determined which cases to vacate, including this one," namely the criminal conviction underlying this action.  Id., Tr. 8:20-21, 12:11-18.  When asked whether the City's counsel was conceding that Mr. Bowens "was not acting in the scope of employment, or that what he did violated, rules, regulations, statutes" or the like, however, the City's counsel responded that "we're not conceding that or making any admissions."  Id. at 7:24-8:4.

## II.     DISCUSSION

The Court first discusses whether Mr. Bowens satisfied the procedural preconditions for representation pursuant to New York General Municipal Law § 50-k(4), then discusses whether Mr. Bowens is entitled to representation pursuant to New York General Municipal Law § 50-k(2).

### A.     Whether Mr. Bowens Satisfied The Procedural Preconditions For Representation Pursuant To New York General Municipal Law § 50-k(4)

The Court discusses the applicable law, then applies it to the circumstances of this case.

#### 1.     Applicable Law

New York General Municipal Law § 50-k(4) provides, in pertinent part, that,

> [t]he duty to defend . . . prescribed by this section shall be conditioned upon (a) delivery to the corporation counsel at the office of the law department of the city by the employee of the original or a copy of any summons, complaint, process, notice, demand or pleading within ten days after he is served with such document, and (b) the full cooperation of the employee in the defense of such action or proceeding and in defense of any action or proceeding against the city based upon the same act or omission, and in the prosecution of any appeal.  Such delivery

7

shall be deemed a request by the employee that the city provide for his defense pursuant to this section.

N.Y. Gen. Mun. Law § 50-k(4).

### 2.     Application

As outlined above, and summarized here, Mr. Bowens made repeated efforts to obtain representation under the General Municipal Law. Plaintiff commenced this action on August 7, 2023, see generally ECF No. 1, and served Mr. Bowens with process on September 25, 2023, proof of service for which was filed on October 10, 2023, see generally ECF No. 12. On that same date, namely October 10, 2023, the City's counsel first informed the Court that it was in the process of making a representation decision as to Mr. Bowens. See generally ECF No. 11. On December 11, 2023, the City's counsel informed the Court that the representation decision as to Mr. Bowens remained pending. See ECF No. 15 at 1. On December 13, 2023, Mr. Bowens filed a letter, dated December 5, 2023 and postmarked December 6, 2023, also sent to the City's counsel, see generally ECF No. 16, alerting the Court that he was under the impression that he was being represented by the City's counsel in this action and was unaware of the potential representation issue, and requesting defense and indemnification from the City's counsel. See ECF No. 17 at 1. On December 14, 2023, the Court ordered the parties to file a joint letter following the resolution of the representation issue. See 12/14/2023 Order.

On February 2, 2024, Mr. Bowens filed a letter, dated January 22, 2024, informing the Court that he had received a letter from the City's counsel in the first week of January 2024 stating that the City's counsel had declined to represent him in this action and challenging the City's counsel's decision. See generally ECF No. 19. As the Court had yet to receive a report directly from the City's counsel as to the representation issue, on April 12, 2024, upon prompting again from the Court, see 4/9/2024 Order, the City's counsel informed the Court that the City's

8

counsel was declining Mr. Bowens's request for representation in this action because the City's counsel could not "make the requisite findings under Section 50-k(2)" and arguing that Mr. Bowens's request for the Court's intervention with regard to the representation and indemnification issues was unripe until he answered or otherwise responded to the complaint[2] and, at that point, may be unripe for an unspecified timeframe as to representation and until a finding of civil wrongdoing as to indemnification.  See generally ECF No. 20.  Mr. Bowens filed a responsive letter, dated and postmarked April 30, 2024, on May 2, 2024, conceding that his request for indemnification by the City's counsel was premature[3] but arguing that the City's counsel's decision to decline the representation of Mr. Bowens was improper.  See generally ECF No. 21.  Mr. Bowens filed, inter alia, a crossclaim for representation against the City's counsel, dated September 24, 2024, on October 2, 2024, contending, procedurally, that his request was timely and procedurally compliant, as he had sent the complaint to the City's counsel, see ECF No. 27 at 2-5, in response to which the City filed an answer on October 9, 2024, see generally ECF No. 28.

    It is unclear from the record before the Court, namely the aforementioned communications between and filings made by the City and Mr. Bowens pertaining to the representation decision at issue, whether Mr. Bowens complied with the procedural preconditions for representation by the City's counsel set forth in New York General Municipal Law § 50-k(4).  To the extent that he did not, the City has waived this objection because the

---

[2] Given that Mr. Bowens has now filed an answer and crossclaim, see generally ECF No. 27, any objection to addressing the representation decision on this basis is now moot.

[3] The Court concurs in this conclusion.  See Jean-Laurent v. Wilkerson, 461 F. App'x 18, 26 (2d Cir. 2012) (reasoning "that, barring a settlement before trial, a final indemnification determination [pursuant to New York General Municipal Law § 50-k(3)] will await a judgment against the employee on the merits in the underlying action" (citation & quotations omitted)).

9

City's counsel proceeded with the process of rendering a decision as to the representation of Mr. Bowens on the merits and made multiple representations to the Court to that effect.

### B. Whether Mr. Bowens Is Entitled To Representation Pursuant To New York General Municipal Law § 50-k(2)

The Court discusses the standard of review and applicable law, then applies them to the circumstances of this case.

#### 1. Standard of Review

Following the City's counsel's investigation as to whether "the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred," N.Y. Gen. Mun. Law § 50-k(2), and the concomitant determination as to whether the City's counsel will represent such employee, a court may set such determination aside only if it is "not supported by the evidence or [is] . . . in some other sense arbitrary and capricious." Mercurio, 758 F.2d at 864 n.1 (citation & quotations omitted); see Williams v. City of New York, 64 N.Y.2d 800, 802 (1985) (reasoning that the City's counsel's "determination may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious"); Vitucci v. City of New York, 272 A.D.2d 620, 620 (2d Dep't 2000) (quoting Williams, 64 N.Y.2d at 802).

#### 2. Applicable Law

New York General Municipal Law § 50-k(2) provides, in pertinent part, that,

> [a]t the request of the employee and upon compliance by the employee with the provisions of subdivision four of this section,[4] the city shall provide for the defense of an employee of any agency in any civil action or proceeding in any state or federal court including actions under sections nineteen hundred eighty-one through nineteen hundred eighty-eight of title forty-two of the United States code arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public

---

[4] New York General Municipal Law § 50-k(4) is discussed supra, Sec. II(A).

10

employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred.

N.Y. Gen. Mun. Law § 50-k(2).

Deciding "whether an act was done in violation of an agency rule, or was within the employee's scope of employment, is a factual determination made in the first instance by the Corporation Counsel." Mercurio, 758 F.2d at 864 n.1 (citation omitted); see Williams, 64 N.Y.2d at 802 (stating that "[t]he issue of whether petitioner's acts were committed within the scope of his public employment and the discharge of his duties raises factual questions" and that "[w]hether he was so acting and thus was entitled to representation by the Corporation Counsel . . . [is] to be determined in the first instance by the Corporation Counsel" (citations omitted)); Vitucci, 272 A.D.2d at 620 (quoting Williams, 64 N.Y.2d at 802).

The City's counsel "must properly investigate a claim upon an employee's request for representation" to enable the required factual determination to be made. Belches v. City of New York, 191 A.D.3d 754, 755 (2d Dep't 2021) (finding "an employee's delay in serving an answer [to be] . . . reasonable where, as here, the employee is awaiting the Corporation Counsel's determination as to whether the City will undertake his or her defense" (citations omitted)); see Harris v. City of New York, 30 A.D.3d 461, 464-65 (2d Dep't 2006) (stating that, "[u]nder the terms of the statute, the Corporation Counsel is charged, in the first instance, with the responsibility to make a factual determination as to whether, inter alia, an employee was acting within the scope of his or her employment, and is thus entitled to representation and indemnification" and reasoning that "the Corporation Counsel must necessarily conduct an investigation to properly make an initial determination as to properly make an initial determination as to whether a City employee was acting within the scope of employment," such that a "relatively brief delay in answering the complaint in this action was reasonably excused by

11

the fact that the City required time to conduct an investigation and make a determination as to whether to undertake [the employee's] . . . defense" (citations omitted) (underline added)).

Certainly, courts have found circumstances in which a challenge to the City's counsel's representation decision has been unsuccessful. In these cases, courts have generally reported that the City's counsel engaged in a fact-intensive inquiry, or relied upon a fact-intensive inquiry in which the employing agency has engaged through disciplinary proceedings, and they confirmed that the City's counsel had reached a decision that was neither arbitrary or capricious nor lacking a factual basis. See, e.g., Barnes, 2011 WL 4943972, at *5 (reasoning that "it is the duty of Corporation Counsel to determine whether a City employee requesting representation was acting within the scope of his or her employment and in compliance with agency regulations in determining whether the employee is entitled to public representation" and concluding that the decision to decline representation had "more than an adequate factual basis," in view of, inter alia, the IAB's determination "that Banks had violated NYPD rules and regulations by providing a perjured deposition in support of an arrest and an incomplete memo-book that contained no entries for his role in Barnes'[s] arrest," (citation & quotations omitted)); Zampieron v. Bd. of Educ. of School Dist. of City of New York, No. 109677/2010, 2010 WL 5576190, at *8-9 (Sup. Ct. N.Y. Cnty. Dec. 10, 2010) (describing the representation determination as "amply supported by the record," in view of the assistant principal's investigation and finding "that petitioner violated Chancellor's Regulation A-420, which prohibits corporal punishment," following review of accounts from the student, five witnesses, and the petitioner employee and factfinding based upon the credibility and consistency of the accounts); Wong v. Yoo, 649 F. Supp. 2d 34, 75 (E.D.N.Y. 2009) (rejecting representation claim because, inter alia, "Corporation Counsel based its determination that the individual defendants were not acting in accordance with agency

12

regulations, and thus were not entitled to public representation, on the IAB's findings in its investigative report dated June 22, 2006, which "determined that defendants Yoo and Viani had violated NYPD rules and regulations by failing to provide medical assistance to plaintiff at the scene of the incident"); Vitucci v. City of New York, 272 A.D.2d 620, 620-21 (2nd Dep't 2000) (concluding that "the report prepared by the Special Commissioner for Investigation for the New York City School District provided the Corporation Counsel with a sufficient factual basis to determine that the acts allegedly committed by the subject employee were not within the scope of his employment" and denying the employee's Article 78 petition (citations omitted)).

Courts have also granted challenges to representation decisions. See, e.g., Ganzman v. Hess, 273 A.D.2d 352, 352-53 (2nd Dep't 2000) (considering an appeal of the decision declaring that the City and the City's counsel must, inter alia, defend the plaintiff employee in the related federal action in which he was a defendant and affirming such decision, thereby directing that, "once this matter is fully determined, [namely the state court proceeding determining the rights and obligations of the parties with regard to, inter alia, representation in the corollary federal action,] a judgment must be entered declaring the rights of the parties"). Under circumstances in which a challenge to the City's counsel's representation is successful, the appropriate remedy is to declare the employee's entitlement to representation by the City's counsel and to order the City's counsel to appear on behalf of the employee. See Blood v. Bd. of Educ. of City of New York, 121 A.D.2d 128, 134 (1st Dep't 1986) (concluding "that petitioner is entitled to prospective representation by the Corporation Counsel" and, as a result, reversing the contrary decision below and directing that the petitioner's request for "an order directing respondents Board of Education of the City of New York and the Corporation Counsel of the City of New York to provide level representation in a civil action pursuant to General Municipal Law § 50-

13

k(2)" be reinstated and granted with regard to prospective legal representation); Brown v. New York City Dep't of Educ., 26 Misc. 3d 862, 872-73 (Sup. Ct. N.Y. Cnty. 2009) (concluding "that the challenged decision by the Corporation Counsel not to represent petitioner was arbitrary and capricious and thus must be nullified" and directing "the Corporation Counsel . . . to file his notice of appearance for petitioner . . . within ten days of service of a copy of this decision with notice of entry").

### 3. Application

On the record before the Court, the City's counsel's decision to decline representation to Mr. Bowens in this action was arbitrary, capricious and lacking a factual basis.

The City's counsel's position as to the representation of Mr. Bowens, namely that the City's counsel is not obligated to represent Mr. Bowens in this action because the City's counsel cannot affirmatively and specifically determine that Mr. Bowens satisfies both of the two statutory criteria for representation, in view of Mr. Bowens's allocution to an unrelated crime calling into question his credibility and related decision by the Kings County District Attorney's Office to vacate Plaintiff's conviction, see generally ECF No. 30, is arbitrary, capricious and lacking a factual basis.

As a preliminary point, the Court observes that the City's counsel has provided very little information about its decision-making process, despite having been given several opportunities to provide such a record. See generally ECF No. 11 (first motion for extension of time to answer by the City's counsel on its own behalf and on behalf of Mr. Bowens, referencing the pending representation decision); see ECF No. 15 at 1 n.1 (the City's answer to the complaint, referencing the pending representation decision); see generally ECF No. 20 (letter from the City's counsel informing the Court that it had declined to represent Mr. Bowens); see generally

14

ECF No. 28 (the City's answer to the crossclaim for representation asserted by Mr. Bowens); see generally ECF No. 30 (transcript of proceeding at which the Court discussed the representation of Mr. Bowens with the City's counsel).

Given the absence of information, the Court looked to the public record for contextual information. The decision to vacate Plaintiff's conviction arose from review of certain "convictions that were directly based on the work of 13 former New York City Police Department officers who were later found guilty of crimes that were committed while on duty," which "did not uncover misconduct" but, rather, caused "the District Attorney [to have] . . . lost confidence in cases where these officers served as essential witnesses, i.e., cases that could not have been prosecuted without them." Eric Gonzalez, Brooklyn DA Eric Gonzalez to Dismiss 378 Convictions That Relied on 13 Officers Who Were Later Convicted of Misconduct While on Duty, The Brooklyn District Attorney's Office (Sept. 7, 2022), http://www.brooklynda.org/2022/09/07/brooklyn-da-eric-gonzalez-to-dismiss-378-convictions-that-relied-on-13-officers-who-were-later-convicted-of-misconduct-while-on-duty/; see ECF No. 1 ¶ 21. According to the press release, the writ of error coram nobis prepared by the Kings County District Attorney stated

> that prosecutors 'have not identified any information or evidence indicative of innocence of or of fabricated evidence and that probable cause existed for defendant's arrest, but that, nonetheless, in the interests of justice, which includes enhancing community trust in the criminal justice system and the proper preservation and prioritization of limited prosecutorial and judicial resources and pursuant to prosecutorial discretion' the DA's Office agrees to vacate the convictions and dismiss the charges.

Id.

The purported allocution of Mr. Bowens in an unrelated criminal action (about which the City's counsel has not provided any details) that nonetheless led to the motion for vacatur of

15

Plaintiff's conviction by the Kings County District Attorney's Office is the basis for the City's counsel's decision, along with Mr. Bowens's unrelated murder conviction. The allocution does not appear to offer any evidence of misconduct on Mr. Bowens's part with regard to his conduct at issue in this action pertaining to Plaintiff. There is no other information offered by the City upon which the City's counsel based its decision to decline the representation of Mr. Bowens in this action. Rather, the only sworn statement is Mr. Bowens's submission. See generally ECF No. 23; see ECF No. 24 at 2. Based on the information in the record, Mr. Bowens is entitled to representation from the City's counsel because that information supports the conclusion for representation purposes that he "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." N.Y. Gen. Mun. Law § 50-k(2). On this exceedingly limited record, with no evidence of any investigation by the City's counsel or any link between the 2008 and 2009 events and the 2003 arrest and prosecution underlying this case, the City's counsel's decision is arbitrary, capricious and lacking a factual basis.

The Court notes that, in another action, Scott et al. v. Sandino et al., 22 Civ 3477 (WFK) (JRC), under seemingly similar circumstances, the City provided a defendant police officer with representation. In Sandino, the civil rights plaintiffs' convictions were vacated, see id. at ECF No. 1 ¶¶ 50-51, following a similar review conducted by the Kings County District Attorney's Office in relation to Mr. Bowens, in view of former police officer Oscar Sandino's guilty plea "to deprivation of civil rights for forcing a woman he arrested to perform oral sex in a Queens stationhouse bathroom in 2008" and "to assaulting an off-duty court officer who was in custody," Eric Gonzalez, Brooklyn DA Eric Gonzalez to Dismiss 378 Convictions That Relied on 13 Officers Who Were Later Convicted of Misconduct While on Duty, The Brooklyn District

16

Attorney's Office (Sept. 7, 2022), http://www.brooklynda.org/2022/09/07/brooklyn-da-eric-gonzalez-to-dismiss-378-convictions-that-relied-on-13-officers-who-were-later-convicted-of-misconduct-while-on-duty/.  The City's counsel determined that former police officer Oscar Sandino was entitled to representation, albeit through separately retained counsel rather than by the Office of Corporation Counsel.  See generally Scott et al. v. Sandino et al., 22 Civ 3477 (WFK) (JRC) at ECF No. 16.

In sum, the City's counsel's decision to decline to represent Mr. Bowens in this action was arbitrary, capricious and lacking a factual basis in the present record.

### III.   CONCLUSION

For the reasons discussed above, Mr. Bowens's motion to compel the City's counsel to represent Mr. Bowens in this action, see generally ECF Nos. 17, 19 20 & 21, is granted.  The City's counsel must appear on behalf of Mr. Bowens in this action by January 15, 2025.[5]

The Court had previously approved Mr. Bowens's application for the appointment of counsel.  See 11/4/2024 Order.  Given that Mr. Bowens will be receiving counsel from the City, that appointment approval is vacated.

The Court had scheduled a conference in this case for December 10, 2024.  See 10/16/2024 Order.  Only counsel for Plaintiff and counsel for the City appeared; Mr. Bowens did not.  Neither counsel had facilitated Mr. Bowens's participation, although counsels' assistance had been discussed during the last conference.  The Court rescheduled the conference for January 16, 2025, and requested counsels' assistance with Mr. Bowens's participation.  Given

---

[5] The City's counsel has not separately raised any issues related to any potential conflicts of interest that would arise in representing Mr. Bowens, but, to the extent that the City's counsel wishes to do so, and if appropriate, the City's counsel should promptly do so.  As in Sandino, it may be that Corporation Counsel will obtain outside counsel.

that the City's counsel will be appearing for Mr. Bowens (or retaining counsel on his behalf), Mr. Bowens may but need not participate in the call. Counsel should be prepared to discuss a discovery schedule.

The Court will mail this Order to Mr. Bowens at 09A5598, Green Haven Correctional Facility, P.O. Box 4000, Stormville, New York 12582.

Dated: Brooklyn, New York
December 11, 2024

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge